**MONART, INC.,**

v.

**Hon. Robert K. CHRISTENBERRY, as Postmaster, New York, New York, Defendant.**

United States District Court
S. D. New York.
Nov. 19, 1958.

David T. Berman, Brooklyn, N. Y., for plaintiff.

John A. Guzzetta, Asst. U. S. Atty., New York City, for defendant.

RYAN, District Judge.

Plaintiff corporation moves for a preliminary injunction to compel the defendant, Postmaster of New York, to accept and distribute its mail matter and to enjoin him from destroying plaintiff's outgoing mail.

Plaintiff describes its business activities, as being a supplier of "Artistic Nude Photographs, Color Slides (2x2) and Motion Pictures, for the convenience of Students of Photography, Commercial Artists, Painters, and Sculptors".

Plaintiff on September 10, 1958, deposited some of its advertising matter in a local post office in envelopes marked "Pull Out for Postal Inspection". Examination disclosed printed circulars depicting the photographs plaintiff offered for sale, with graphic representations of photographs of females, nude and partially draped. The Postmaster of New York forwarded this mail to the General Counsel of the Post Office Department in Washington, D. C., for a finding that the circulars were non-mailable.

On September 17, 1958, a "Notice of Mailability Hearing" was sent to the plaintiff. The Hearing was adjourned to September 30, 1958, at plaintiff's request; when it was held in Washington, D. C., before the Judicial Officer of the Post Office Department. On October 3, 1958, he rendered a "Departmental Decision" concluding that plaintiff's mail matter was non-mailable under 18 U.S. C. § 1461. A departmental order was transmitted on that day advising plaintiff of this determination and giving notice that its mail would be retained for fifteen days to permit plaintiff to withdraw the mail if it so elected, and that failing to do so the mail would be disposed of by the department. 39 U.S. C.A. § 258.

Thereafter on October 10, 1958, plaintiff filed this suit and obtained a temporary injunctive order restraining defendants from destroying its mail matter, pending further order of this court.

But, this is not the first occasion on which the Post Office has found it necessary in its judgment to stop plaintiff's use of the mails. It is of this prior history, particularly as it concerns proceedings in this court of which we take note.

Plaintiff in another suit, filed by it against the Postmaster, which is still pending in this court (Civ. No. 133–321), on July 1, 1958, obtained a prior order restraining and enjoining the Postmaster from interfering with delivery of mail matter addressed to it, in and from cashing postal money orders payable to it. The mail matter in the instant suit appears to be circulars substantially identical to those used by plaintiff to induce the business and correspondence which was involved in the prior suit.

On September 23, 1958, plaintiff also moved for enlargement of the injunctive relief granted to it on July 1, 1958, to include relief it now seeks in the instant suit; this court not only refused to enlarge the prior order but vacated the temporary restraining order in toto.

The question now presented to us is whether the Postmaster General or his authorized delegates have administrative authority to reject this mail as non-

**656**

mailable. Here, the Postmaster found that plaintiff's mail matter was non-mailable and had been mailed in violation of Section 1461, Title 18 U.S.C.

 Title 5 U.S.C.A. §§ 22 and 369, in substance grants to the Executive head of each department authority to issue and promulgate regulations necessary to properly carry on the business of his department and, here also, to execute the laws relative to the postal service.

Section 1461 Title 18 U.S.C. makes it unlawful and a crime to mail the matter described in the section. It declares such matter to be non-mailable, and directs that it shall not be conveyed in the mails or delivered from any post office or by any letter carrier.

The statute is not only penal in nature but it also operates to close the mail to obscene matter.

The Post Office Department is not required to sit idly by and lend itself as an instrument for the commission of a crime, when matter proscribed as non-mailable is offered for mailing. The Department is not obliged to assist in the commission of a crime.

There is an obligation imposed on the Postmaster not to permit such matter to be conveyed through the mails once it has been determined to be non-mailable. See Roth v. Goldman, 2 Cir., 1949, 172 F.2d 788, certiorari denied 1949, 337 U.S. 938, 69 S.Ct. 1514, 93 L.Ed. 1743.

In compliance with departmental regulations, Title 39, Sections 203.1 to 203.-14 contained in 23 Fed.Reg. pp. 2798 et seq., effective April 26, 1958, defendant's matter was determined to be non-mailable. See page 2817 in 23 Fed.Reg., effective April 26, 1958.

 The grant of a preliminary injunction would operate to frustrate the Postmaster's proper and lawful efforts to carry out the authority given to him by 5 U.S.C.A. §§ 22 and 369 and his clear obligations.

Plaintiff has 15 days from date hereof to withdraw his mail; if it does not do so, the mail may be destroyed. 39 U.S.C.A. § 258.

Motion for a preliminary injunction denied; temporary restraining order of October 10, 1958, is vacated forthwith.

Settled order.